J-S15041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AARON EVANS, | |
| Appellant | No. 2497 EDA 2012 |

Appeal from the Judgment of Sentence July 27, 2012
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0002396-2010

BEFORE: BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 29, 2016**

Appellant, Aaron Evans, appeals from the judgment of sentence imposed after his jury conviction of one count each of rape, attempted rape, involuntary deviate sexual intercourse, terroristic threats, and two counts each of endangering the welfare of children, corruption of minors, and possession of an instrument of crime.[1] We affirm.

We begin by noting that this case is a procedural quagmire replete with represented Appellant's *pro se* filings, his multiple counseled requests

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121(a)(6), 901(a), 3123(a)(6), 2706(a)(1), 4304(a), 6301(a)(1), and 907(a), respectively.

for remand, counsel's stated intent to file an **Anders**[2] brief, and then his later decision to complete a merits brief, and the unavailability of certain notes of testimony. In light of this, we will present only the relevant factual and procedural histories, which we take from the trial court's January 29, 2015 opinion and our independent review of the record.

On March 18, 2010, the Commonwealth filed an information against Appellant for his rape and related crimes against the victim who was the minor granddaughter of his paramour, with whom he had lived for several years. On January 5, 2011, the Commonwealth filed a notice of its intent to introduce evidence of other crimes, wrongs, or acts pursuant to Pennsylvania Rule of Evidence 404(b).[3] Specifically, the notice provided that the Commonwealth intended to introduce

> evidence that [Appellant] had sexual contact with [the victim's younger sister, K.B.] Specifically, when [K.B.] was 12 years old, [Appellant] squeezed her vagina while "play fighting" and attempted to put his hand up her shirt to touch her bare breast. This occurred at 1316 S. Hicks St. where [Appellant] lived with [K.B.'s] grandmother.
>
> This evidence will be introduced for several reasons, including but not limited to the following: to show [Appellant's] common plan, scheme or design; to bolster the credibility of the victim; to show [Appellant's] intent; to show [Appellant's] state

---

[2] **Anders v. California**, 386 U.S. 738 (1967).

[3] "In a criminal case the prosecutor must provide reasonable notice in advance of trial . . . of the general nature of any such evidence [of a defendant's crime, wrong, or other act] the prosecutor intends to introduce at trial." Pa.R.E. 404(b)(3).

of mind; to help establish the elements of charges such as [r]ape and related offenses.

(Notice of Intent to Introduce Other Acts Evidence, 1/05/11, at 1).

The court permitted the Commonwealth to present the other acts evidence.[4]  The jury trial commenced on March 24, 2011.

The victim was seventeen years old at the time of trial.  She testified that Appellant was her grandmother's live-in boyfriend, and that he had a close relationship with the family.  However, she stated that in 2002, when she was nine or ten years old, Appellant forcibly raped her at her grandmother's house while threatening her with a knife he took out of a bed stand.  He threatened to kill her, her mother, and her baby cousin if she told anyone about the rape.  Therefore, although the victim's vagina continued to hurt, and her mother found blood on her panties days later, she denied to

---

[4]  Because a relevant transcript on this issue does not exist, this Court ordered Appellant to file a Rule 1923 statement in lieu of transcript on July 15, 2014.  (**See** *Per Curiam* Order, 7/15/14); **see also** Pa.R.E. 404(b); Pa.R.A.P. 1923.  Appellant complied with the mandates of Rule 1923 and the trial court approved his Rule 1923 statement, and adds that it "agrees that the [Rule 404(b) evidentiary issue was] addressed and resolved on the record, either in open court or in chambers, and that the record would be contained in the missing notes." (Trial Court Opinion, 1/29/15, at 4).

The certified record contains a March 23, 2011 order granting the Commonwealth's "motion" to introduce other acts evidence.  (**See** Order, 3/23/11).  However, this order does not appear on the docket, and is not signed by the trial judge, although his name is typed under the signature line. (**See id.**).  Moreover, the Commonwealth filed a notice, not a motion.  However, it is undisputed that the trial court addressed Appellant's objection to the Rule 404(b) notice, and resolved the matter in the Commonwealth's favor.

her mother that anyone had touched her. Appellant continued to harass her anytime she went to her grandmother's house thereafter.

In 2009, Appellant cornered the victim in a bathroom at her grandmother's house, with his penis exposed, and attempted again to rape her at knife point. This time the victim was able to fight back, and in spite of severely injuring her wrist in Appellant's attack, she again did not tell her parents out of fear of reprisal. Ultimately, a school nurse noticed the victim's wrist injury and her father took her to the hospital, where they diagnosed her with a fracture. Later that year, due to the victim acting out, her mother placed her in a program for troubled teens. As a result of the program, the victim wrote a letter to her mother in which she finally told her what Appellant had done to her in 2002 and 2009.

The Commonwealth introduced the testimony of the victim's younger sister, K.B., about other bad acts perpetrated by Appellant on her. K.B. testified consistent with the Commonwealth's January 5, 2011 other acts notice that, in 2009, when she was twelve years old, she was at her grandmother's house when Appellant rubbed her stomach, tried to touch her breasts, and squeezed her vagina.

Appellant testified on his own behalf. He described his close relationship to his paramour's family and denied any wrongdoing, and stated that he neither carried a knife nor kept one in the bed stand.

The trial court provided the jury with a limiting instruction on the permissible uses of K.B.'s other bad acts testimony. On March 28, 2011, at the conclusion of trial, the jury convicted Appellant of the aforementioned charges. On July 27, 2012, after granting several continuances, the trial court sentenced Appellant to an aggregate term of not less than twelve-and-one-half nor more than twenty-five years' incarceration. Appellant timely appealed on August 23, 2012.[5]

Appellant raises one issue for our review:[6]

_____

[5] In response to the trial court's order that he file a Rule 1925(b) statement, Appellant's counsel initially filed a notice of his intent to file an **Anders** brief. **See** Pa.R.A.P. 1925(b), (c)(4). Thereafter, as stated previously, this case became a procedural quagmire, thus causing multiple delays of its disposition. However, pertinent to this review, Appellant's counsel ultimately filed a Rule 1925(b) statement *nunc pro tunc* on August 22, 2014. **See** Pa.R.A.P. 1925(b). The trial court filed an opinion on January 29, 2015. **See** Pa.R.A.P. 1925(a).

[6] Appellant observes that our June 9, 2015 Order vacated a then-existing briefing schedule without prejudice to this merits panel's finding of waiver for any issue that had not been included in Appellant's previously filed March 19, 2014 brief. (**See** *Per Curiam* Order, 6/09/15; **see also** Appellant's Brief, at 17-19). We accept his claim that waiver is not appropriate. Our June 15, 2014 Order granted his petition for remand for the preparation of a Rule 1923 statement in lieu of transcript, and provided that, if any non-frivolous errors were apparent from the record, he could request to file a Rule 1925(b) statement *nunc pro tunc*, and our Prothonotary would establish a new briefing schedule. (**See** *Per Curiam* Order, 7/15/14). Appellant complied with our Order by submitting a Rule 1923 statement to the trial court for approval, and requesting the trial court that he be allowed to file a Rule 1925(b) statement *nunc pro tunc*. After the court's approval, Appellant filed a Rule 1925(b) statement *nunc pro tunc*, our Prothonotary established a new briefing schedule, and Appellant filed the brief currently under review. Therefore, due to the procedural posture of this case, we agree with
*(Footnote Continued Next Page)*

> Did not the trial court err in admitting "other acts" evidence at trial since the allegations presented by the Commonwealth in its "Notice of Intent to Introduce Other Acts Evidence" were insufficient to support the admission at trial of evidence of other acts by [Appellant], and where the evidence was prohibited pursuant to Pa.R.E. 404, where no proper non-propensity purpose existed for the admission of said evidence, and where even if such a non-propensity purpose did exist, the probative value of the evidence did not outweigh its potential for unfair prejudice?

(Appellant's Brief, at 3).[7]

> Our standard of review of this matter is well-settled:

> Admission of evidence rests within the discretion of the trial court, and we will not reverse absent an abuse of discretion. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

> Generally speaking, evidence is admissible if it is relevant, that is, if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact. Pa.R.E. 402. It is settled law in this Commonwealth that other bad acts evidence is inadmissible to prove a defendant's propensity to commit crime. Nonetheless, bad acts evidence may be introduced for other limited purposes, including, but not limited to, establishing motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, common scheme or design, *modus operandi*, and the natural history of the case. Pa.R.E. 404(b)(2).

_(Footnote Continued)_ _____

Appellant that he did not waive his appellate issue, and we will review its merits.

[7] The Commonwealth has not filed a brief in this matter, despite the fact that we granted its application for an extension of time within which to do so. (**See** _Per Curiam_ Order, 10/28/15).

This evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

***Commonwealth v. Kinard***, 95 A.3d 279, 284 (Pa. Super. 2014) (case citations and quotation marks omitted). Further, we note that "[t]he particular prejudice that Rule 404(b)(3) seeks to prevent is the misuse of the other-offense evidence-specifically, that jurors might convict a defendant because they perceive the defendant has a bad character or propensity to commit crimes." ***Commonwealth v. Cascardo***, 981 A.2d 245, 251 (Pa. Super. 2009), *appeal denied*, 12 A.3d 750 (Pa. 2010).

Here, Appellant maintains that the trial court erred in allowing the Commonwealth to admit prior bad acts evidence because the evidence of the other acts was presented to the court "in a vacuum." (Appellant's Brief, at 23). Specifically, Appellant argues that "there was simply no showing of relevance or of sufficiently weighty probative value of the 'other acts' evidence, as is required by Rule 404(b)." (***Id.*** at 26). We disagree.[8]

We first observe that:

> "In criminal cases, the prosecution shall provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." Pa.R.E. 404(b)(4). The purpose of this rule "is to prevent unfair surprise, and to give the defendant reasonable time to prepare

---

[8] Appellant argues that the trial court erred in justifying a pre-trial evidentiary decision on the basis of evidence presented at trial. (***See*** Appellant's Brief, at 25). However, the court's decision is supported by the allegations contained in the certified record as it existed when the court decided the issue.

an objection to, or ready a rebuttal for, such evidence." Pa.R.E. 404, cmt.

***Commonwealth v. Lynch***, 57 A.3d 120, 125-26 (Pa. Super. 2012), *appeal denied*, 63 A.3d 1245 (Pa. 2013).

In this case, the Commonwealth properly filed its notice of intent to introduce other acts evidence over two months before this case went to trial. (***See*** Notice of Intent to Introduce Other Acts Evidence, 1/05/11). The notice stated that the victim's minor sister, K.B., would testify about Appellant's inappropriate sexual contact with her in her grandmother's home. (***See id.***). It also apprised Appellant of the reasons for which the Commonwealth sought to introduce the evidence. (***See id.***). Therefore, the notice provided Appellant with "the general nature of [the] evidence it intend[ed] to introduce at trial" and prevented any unfair surprise, by allowing him time to object to the proposed testimony. ***Lynch***, ***supra*** at 126; ***see also*** Pa.R.E. 404(b)(3).

On March 23, 2011, when the court considered Appellant's objection to the proposed evidence, it was aware of the factual background of this case and the allegations against Appellant based on the documents contained in the record. For instance, the affidavit of probable cause recited that the minor victim reported that, seven years prior, when she was nine or ten years old, she had been raped and sexually assaulted by Appellant, *i.e.*, her grandmother's boyfriend, in her grandmother's home; that Appellant had threatened her with a knife if she resisted; and that she was afraid to say

anything sooner because he stated he would harm her family if she told anyone. (**See** Affidavit of Probable Cause, 12/15/09, at 2). The victim's mother stated that she remembered the victim complaining of a stomach ache around that time, and that the victim had blood on her underwear, but that she denied that anyone had touched her. (**See id.**). The criminal complaint, in addition to the foregoing, included the fact that, in the summer of 2009, the victim stated that Appellant again attempted to rape her at her grandmother's home while brandishing a knife. (**See** Criminal Complaint, 2/22/10, at unnumbered page 2).

In explaining its decision to allow the Commonwealth to introduce the proposed evidence, the trial court stated:

> Due to the lapse of time, the fact that the victim's testimony was to a large extent uncorroborated, and [Appellant's] denials of the events, the evidence of the other acts was needed by the Commonwealth for all the permitted purposes set forth in the Rule and delineated in its notice. The probative similarities in all of the details of the incidents allowed a reasonable fact finder to conclude that there were logical connections between them, and the court's instructions safeguarded him against any potential undue prejudice. . . .

(Trial Ct. Op., at 11).

We agree and conclude Appellant's argument, that the court could not decide the relevancy of the proposed bad acts evidence, to be unpersuasive. The notice stated that the victim's sister would testify that, when twelve years' old, Appellant, who was her grandmother's live-in boyfriend, sexually assaulted her at her grandmother's house. (**See** Notice of Intent to

Introduce Other Acts Evidence, 1/05/11). Similarly, Appellant was charged with raping the victim, the witness's sister, at the grandmother's house when the victim was approximately ten years' old, and attempting to do so again when she was sixteen. (**See** Affidavit of Probable Cause, 12/15/09, at 2; Criminal Complaint, 2/22/10, at unnumbered page 2).

The similarities between Appellant's actions against the victim in this case, and his alleged behavior with the victim's sister, rendered the sister's proposed testimony not only relevant, but necessary to enable the Commonwealth to establish Appellant's common plan, scheme, or design, and his *modus operandi*. **See Kinard**, **supra** at 284; **see also Commonwealth v. Aikens**, 990 A.2d 1181, 1185-86 (Pa. Super. 2010), *appeal denied*, 4 A.3d 157 (Pa. 2010) (concluding court properly allowed other acts evidence where victim and witness were of similar ages, both had same familial relationship with defendant, and he initiated sexual contact under very similar circumstances). Therefore, Appellant's claim lacks merit. **See Cascardo**, **supra** at 251.

Therefore, we conclude that the trial court did not palpably abuse its discretion when it allowed the Commonwealth to introduce other bad acts evidence. **See Kinard**, **supra** at 284; **Aikens**, **supra** at 1185-86.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: 2/29/2016